**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                      :
RICARDO CRUZ VAZQUEZ,                 :
                                      :    Civil Action No. 16-3451 (JMV)
            Petitioner,               :
                                      :
      v.                              :        **OPINION**
                                      :
CHARLES GREEN,                        :
                                      :
            Respondent.               :
_____:

APPEARANCES:

Victor M. Urbaez, Esq.
91 Passaic Street
Garfield, N.J., 07026
        on behalf of Petitioner

Hans H. Chen
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
        on behalf of Respondent


**VAZQUEZ**, United States District Judge

        On June 14, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order

detention by U.S. Immigration and Customs Enforcement ("ICE").  On September 15, 2016,

Respondent filed a response to the petition, opposing habeas relief on the basis that mandatory

detention under 8 U.S.C. § 1226(c) for eight months is reasonable under the circumstances present

here. (ECF No. 5 at 2.)  Petitioner retained counsel, who filed a reply brief on October 14, 2016.

(ECF No. 8.)  Petitioner filed a *pro se* reply brief the same day.  (ECF No. 10.)  Petitioner requested that the Court strike Respondent's opposition brief if it is determined that counsel for Respondent has not been admitted to practice in the State of New Jersey, and in this Court.  (*Id.*)  Respondent filed a reply. (ECF No. 11.)

Respondent's counsel appears before this Court in accordance with the Court's Local Rule 101.1(f), which states that "[a]n attorney admitted to practice in any United States District Court may practice before this Court in any proceeding in which he or she is representing the United States or any of its officers or agencies."  (ECF No. 11.)  Counsel is a Senior Litigation Counsel in the Office of Immigration Litigation in the U.S. Department of Justice and is admitted to practice in several U.S. district courts, including the Southern District of New York.  (ECF No. 11, Exhibit B, Declaration of Hans H. Chen ¶ 4.)  Counsel's appearance is appropriate.  This matter is now ready for disposition.

## I.     BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since October 16, 2015. (ECF No. 1 at 2.)  Petitioner is a native and citizen of Mexico.  (*Id.* at 5.)  He was nine-years-old when he entered the United States.  (ECF No. 9, Affidavit of Ricardo Cruz Vazquez ("Vazquez Aff.") ¶¶2-3.)  On November 1, 2006, after he had been in residency in the United States for ten years, he was convicted in a New Jersey municipal court for possession of marijuana, and fined $585.  (ECF No. 1 at 2.)  In May 2010, Petitioner was convicted for possession of marijuana/hash, for which he received a fine of $1,105.  (*Id.*)

Petitioner was detained by ICE and charged with removability on October 16, 2015.  (*Id.*)

He alleges his continued detention violates his substantive and procedural due process rights.  (*Id.* at 11.)  For relief, Petitioner seeks declaratory judgment and immediate release or a bond hearing before an Immigration Judge, plus attorney fees and costs under the Equal Access to Justice Act. (*Id.* at 13.)

Respondent asserts Petitioner entered the United States at an unknown place and time without being admitted or paroled after inspection by an immigration officer.  (ECF No. 5-11, Declaration of Yolanda English ¶3 ("English Decl."); ECF No. 5-2, Ex. B at 3.)  On October 16, 2015, officers from ICE arrested Petitioner and served him with a Notice to Appear ("NTA"). (*Id.*) The NTA charged Petitioner with two grounds upon which he is removable:[1]  (1) that he is an alien present in the United States without being admitted or paroled; and (2) that he is an alien convicted of a controlled substance offense.  (ECF No. 5 at 3; ECF No. 5-2, Ex. B at 4.)[2]

On November 12, 2015, Petitioner appeared for the first hearing in his removal proceedings.  (ECF No. 5-11, English Decl. ¶4.)  The hearing was continued to December 23, 2015, to allow Petitioner to obtain counsel.  (*Id.*)  On December 23, 2015, Petitioner requested a second continuance to seek representation.  (*Id.*, ¶5.)  The hearing was continued to February 10, 2016, at which time Petitioner admitted to the charges in the NTA, and conceded removability on the grounds charged.  (*Id.*, ¶6; ECF No. 5-5, Ex. E.)  He also submitted applications for relief from removal.  (*Id.*)  The hearing was adjourned for an individual merits hearing on his applications for

---

[1] Pursuant to 8 U.S.C. § 1229a(a)(2), an alien placed in removal proceedings may be charged with any applicable ground of inadmissibility under 8 U.S.C. § 1182(a) or any applicable ground of deportability under 8 U.S.C. § 1227(a).

[2] Respondent mistakenly cited the NTA as charging violation of 8 U.S.C. § 1227 (concerning deportable aliens).  The NTA charged inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(A)(2)(A)(i)(II)  (ECF No. 5-2, Ex. B).

relief. (*Id.*)

On June 10, 2016, the immigration court denied Petitioner's applications for relief from removal.  (ECF No. 5-5, Ex. E at 8.)  Petitioner conceded that he was not eligible for asylum. (*Id.*, at 3.)  The immigration court found that Petitioner failed to satisfy the statutory requirements for the other forms of relief from removal for which he had applied, and ordered Petitioner removed to Mexico.  (*Id.* at 3-8.)

On June 20, 2016, Petitioner filed his notice of appeal with the Board of Immigration Appeals ("BIA").  (ECF No. 5-7, Ex. G.)  In the Notice of Appeal, Petitioner claimed that "the immigration judge failed to exercise discretion before reaching the merits of the asylum petition." (*Id.*)  He also alleged ineffective assistance of counsel at his removal proceedings. (*Id.*) On August 30, 2016, Petitioner filed a second notice of appeal with the BIA, including additional grounds for relief.  (ECF No. 5-9, Ex. I.)  Petitioner requested additional briefing time, having dismissed his second attorney and intending to proceed *pro se*.  (ECF No. 5-10, Ex. J.)

## II.      DISCUSSION

### A.      Standard of Review

8 U.S.C. § 1226(a) authorizes discretionary detention of all aliens during their removal proceedings, and § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities.  Section 1226(c)'s mandate includes aliens who are inadmissible because they have committed crimes relating to controlled substances. 8 U.S.C. § 1226(c)(1)(A).

The Third Circuit has held that detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional.  *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011).  Section 1226(c) detention may raise constitutional concerns if detention

4

becomes unreasonably prolonged. *Id.* Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit has not imposed a bright-line rule for when detention becomes unreasonably prolonged; the inquiry is fact-intensive. Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 474 (3d Cir. 2015). In Chavez-Alvarez, the court noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for a year, the burdens to [the petitioner]'s liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id.

B.      The Arguments

Respondent asserts Petitioner is not entitled to relief under Chavez-Alvarez because, having conceded he is removable, Petitioner is responsible for a significant portion of the delay in his removal proceedings. He twice requested continuances to seek representation, resulting in a 91-day delay in his removal proceedings. (English Decl. ¶¶ 4-5.) Even if there had been no delay on Petitioner's part, Respondent contends Petitioner does not raise a bona fide challenge to his removal because he does not challenge the immigration court's finding that he is statutorily ineligible for any type of relief from removal.

Respondent argues Petitioner's claim of ineffective assistance of counsel is also frivolous. He failed to attach to his appeal the requisite affidavit that states: (1) the factual allegations underlying the claim of ineffective assistance of counsel; (2) the contractual agreement with former counsel; (3) that Petitioner notified former counsel of the allegation of ineffective assistance, enabling the former counsel to respond to the allegations; and (4) that a complaint has been filed

against the former counsel with the appropriate disciplinary authorities.  (ECF No. 5 at 14, citing *Matter of Grijalva*, 21 I. & N. Dec. at 474; *Matter of Lozada*, 19 I. & N. Dec. at 639.)

Respondent maintains that the additional arguments raised in Petitioner's second Notice of Appeal are also frivolous.  Petitioner claimed that his concession to removability violated due process because it occurred without a *Joseph* hearing, (ECF No. 5-9, Ex. I at 2, citing *Diop*, 656 F.3d 221, 231 (3d Cir. 2011)).  *Joseph* hearings are held to determine whether, during the pendency of his or her proceedings, an alien is improperly designated as subject to mandatory detention. *Id.* at 230-31.  Petitioner argues that he should not have been found removable due to the small amounts of drugs involved in his drug convictions.  (ECF No. 5-9, Ex. I at 2.)  However, besides Petitioner's prior drug convictions, the immigration judge found Petitioner independently removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (ECF No. 5-2, Ex. B; ECF No. 5-5, Ex. E at 9.)  Therefore, Respondent contends Petitioner delayed his appeal and hindered a speedy resolution of removability with his frivolous arguments.

If, however, the petition is granted, Respondent argues § 1226(a)'s procedures and standards should govern Petitioner's bond determination. Section 1226(a) provides for an initial custody determination by a deportation officer, allows Petitioner to seek review of that custody determination by an immigration judge, and gives Petitioner the opportunity to file a timely appeal of that decision to the Board of Immigration Appeals.

In reply, Petitioner notes that ICE devised certain procedures for *Joseph* hearings. (ECF No. 8 at 4.)  Individuals who are subject to discretionary detention under § 1226(a) or mandatory detention under § 1226(c) are issued a notice of custody determination, which informs the individual that, "pending final administrative detention in your case, you will be," either

6

"[d]etained by the Department of Homeland Security 'or' [r]eleased under certain conditions"; it also informs aliens that they "may request a review of this custody determination by an immigration Judge." (*Id.*) Upon review, if an individual is deemed mandatorily detained, his or her request for review results in a hearing before an Immigration Judge on whether he or she is "properly included" under Section 1226(c), the "*Joseph* Hearing." (*Id.*) If the individual establishes that ICE is "substantially unlikely" to prevail on the charges that trigger mandatory detention, the individual is entitled to a bond hearing, the same type of custody hearing accorded to those discretionarily detained pursuant to § 1226(a). (*Id.*)

Petitioner asserts that he was not accorded a *Joseph* hearing, and that his conviction does not qualify as a deportable offense under *Moncrieffe v. Holder,* 133. S.Ct. 1678 (2015) (holding that "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA.") (ECF No. 8 at 4-5.) His counsel was ineffective, Petitioner claims, for failing to present this argument. (*Id.*) Petitioner requests that a *Joseph* hearing be conducted to determine whether or not the charges that trigger mandatory detention qualifies under the standard set forth in *Moncrieffe*. (*Id.* at 7.)

According to Respondent, Petitioner received a *Joseph* hearing on November 12, 2015, and the court properly found that the charges in the NTA triggered Petitioner's mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 11, Ex. A.) To the extent that Petitioner wishes to challenge the outcome of the *Joseph* hearing, he failed to exhaust his administrative remedies when he waived appeal of the immigration judge's custody determination to the Board of Immigration Appeals. (*Id.*)

Furthermore, Respondent contends the Court has no basis to review Petitioner's *Joseph*

7

hearing because on February 10, 2016, Petitioner conceded his removability as charged on his Notice to Appear ("NTA").  (ECF NO. 11 at 1.)  His NTA charges him with removability as an alien convicted of a controlled substance offense, under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II).[3] (*Id.* at 1-2.)  Aliens removable under that statutory provision are subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(A).  (*Id.* at 2.)

C.    Analysis

 "District courts retain jurisdiction to hear habeas petitions filed by aliens subject to removal for having committed certain criminal offenses, as well as those filed by non-criminal aliens, where they allege constitutional violations." *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 453 (D.N.J. Jan. 9, 2004) (quoting *Catney v. INS*, 178 F.3d 190 195 (3d Cir. 1999)).  During his immigration proceedings, Petitioner conceded that he is inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II), which renders him subject to mandatory detention under § 1226(c) for violating a law relating to a controlled substance.  Furthermore, Petitioner submitted an affidavit to this Court admitting that he entered the United States without inspection, and he has two convictions for possession of marijuana.  (ECF No. 9, Vazquez Aff., ¶¶3, 6.)  Therefore, Petitioner was not denied his right to due process in determining whether he was subject to mandatory detention under § 1226(c).

Petitioner also alleges his counsel was ineffective for failing to argue that his controlled substance conviction "does not qualify as a deportable offense under *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2015.)  *Moncrieff* is inapposite because Petitioner did not concede to removability as an aggravated felon.

Escaping aggravated felony treatment does not mean escaping

---

[3] 8 U.S.C. § 1182(a)(2) (A)(i) (II) provides, in relevant part, that an alien who violates any law of the United States relating to a controlled substance is inadmissible.

deportation, though. It means only avoiding mandatory removal. *See Carachuri–Rosendo*, 560 U.S., at ——, 130 S.Ct., at 2589.  Any marijuana distribution offense, even a misdemeanor, will still render a noncitizen deportable as a controlled substances offender.  8 U.S.C. § 1227(a)(2)(B)(i).  At that point, having been found not to be an aggravated felon, the noncitizen may seek relief from removal such as asylum or cancellation of removal, assuming he satisfies the other eligibility criteria. §§ 1158(b), 1229b(a)(1)-(2).  But those forms of relief are discretionary.

*Moncrieff*, 133 S.Ct. at 1692.

Petitioner sought asylum, withholding of removal and withholding of removal under the Convention Against Torture.  (ECF No. 5-6, Ex. F. at 2.)  Based on the submissions of the parties, Petitioner has not challenged the immigration court's finding that his is statutorily ineligible for any type of relief from removal.

Respondent argues that the Court should deny Petitioner a bond hearing under § 1226(c) because Petitioner caused the delay in proceedings, and he has not asserted a bona fide challenge to his removal.  Perhaps due to his confusion over the basis for his removability, Petitioner has not addressed whether he has a good faith argument to challenge denial of relief from removal.  The Court will allow Petitioner to submit a supplemental brief on this issue before determining whether Petitioner has a bona fide challenge to removal that would entitle him to a bond hearing for unreasonably prolonged detention.  *See Leslie v. Attorney General of U.S.*, 678 F.3d 265, 271 (3d Cir. 2012) (granting bond hearing where length of detention was caused by voluntary pursuit of bona fide legal challenges to removal).

An appropriate Order follows.

Date: November, 3, 2016                                 s/ John Michael Vazquez
At Newark, New Jersey                              JOHN MICHAEL VAZQUEZ
                                                                  United States District Judge